UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Katie R.,                                                                    Civ. No. 23-1139 (PAM/DLM)

           Plaintiff,

v.                                                                           **MEMORANDUM AND ORDER**

Martin J. O'Malley, Commissioner of
Social Security Administration,

           Defendant.

This matter is before the Court on the parties' cross-Motions for judgment on the administrative record.  For the following reasons, Plaintiff's Motion is denied, Defendant's Motion is granted, and this matter is dismissed with prejudice.

**BACKGROUND**

Plaintiff Katie R.[1] filed an application for supplemental security income benefits on September 16, 2019.  (Admin. R. (Docket No. 8) at 348.)  Plaintiff alleges that she became disabled on January 23, 2019, as a result of chronic pain, low back and neck issues, post-traumatic stress disorder ("PTSD"), depression, and anxiety.  (Id. at 389.)  The alleged onset date for Plaintiff's disability is the day after the Commissioner denied the second of Plaintiff's two previous applications for disability benefits.  (See id. at 127-149 (ALJ

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

decision dated January 22, 2019); see also id. at 106-126 (ALJ decision dated June 8, 2016).)[2]

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that she is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If she is not, the claimant must then establish that she has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled,

---

[2] Plaintiff relied on the same or similar disabling conditions in her previous applications.

if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing her residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves she is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Plaintiff's application for benefits was denied initially and on reconsideration. (Admin. R. at 171, 190.) In July 2021, at Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's application. The transcript of this hearing does not appear to be included in the Administrative Record. (See id. at 41 (ALJ decision referring to initial hearing in July 2021).) After the initial hearing, Plaintiff underwent a consultative examination. The ALJ then held a supplemental hearing for which there is a transcript in the Administrative Record. (Id. at 67-105.) Plaintiff testified and was represented by an attorney at this hearing. (Id. at 67.) Thereafter, the ALJ issued his written decision. (Id. at 41-60.)

The ALJ determined that Plaintiff had several severe impairments: discogenic and degenerative disorders of the cervical and lumbar spine, chronic pain syndrome, major

depressive disorder, generalized anxiety disorder, and PTSD.  (Id. at 44.)  The ALJ found, however, that none of Plaintiff's impairments met or medically equaled any listed impairments.  (Id. at 44-46.)   The ALJ next determined that Plaintiff had the capacity for light work with both exertional and non-exertional limitations such as never climbing ladders, ropes, or scaffolds; occasional climbing of stairs; occasional stooping, crouching, crawling, kneeling, and overhead reaching; no work in high, exposed places; only simple, routine, repetitive tasks with only occasional changes in work setting; brief and superficial interactions with coworkers and supervisors; no complex decisionmaking; and no rapid, assembly-line paced work.  (Id. at 47.)

After considering testimony from a vocational expert, the ALJ determined that there were jobs Plaintiff could perform in sufficient numbers in the national economy, and therefore found that Plaintiff was not disabled.  (Id. at 59-60.)  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and this lawsuit followed.  See 42 U.S.C. § 405(g) (providing for judicial review of final decisions of the Commissioner of the Social Security Administration).

**DISCUSSION**

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole."  McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla."  Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted).  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

4

This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

Plaintiff challenges a single aspect of the ALJ's determination. She contends that the ALJ erred in formulating her RFC by defining "brief and superficial contact" as limited to jobs in which the "fifth digit of the DOT code[3] is a 6, 7, or 8." (Admin. R. at 47.) Plaintiff does not contend that it was erroneous for the ALJ to limit Plaintiff to "superficial" contact. Rather, she argues that the error lay in the ALJ defining what "superficial contact" means in the context of the codes the DOT uses, because that definition ostensibly usurped the vocational expert's role to determine what jobs Plaintiff could perform with her limitations and is not grounded in medical evidence in the record.

The ALJ did not err in defining what he meant by "superficial" with reference to the DOT code. Rather, "[t]he ALJ expounded on the definition of 'superficial' in the context

---

[3] "In making disability determinations, SSA relies primarily on the Dictionary of Occupational Titles (DOT) (including its companion publication, the Selected Characteristics of Occupations (SCO)) for information about the requirements of work in the national economy." Social Security Administration, Guidelines For Using Occupational Information in Electronic Tools, https://secure.ssa.gov/apps10/reference.nsf/links/10292021113305AM (archived at https://perma.cc/T9JK-43NY). Each occupation has a nine-digit code in the DOT, with each set of three digits having a specific purpose or meaning. Dep't of Labor, OALJ Law Library, Dictionary of Occupational Titles, Parts, https://www.dol.gov/agencies/oalj/PUBLIC/DOT/REFERENCES/DOTPARTS# (archived at https://perma.cc/T36R-6XHS). The fifth digit of this nine-digit code is the "people" digit, defining the "broadest level of responsibility or judgment required in relation to . . . people." Id. A low number—zero is the lowest digit in the code—is the greatest level of such responsibility or judgment. Id. Eight is the highest number in that code, and means the lowest level of responsibility or judgment in that area. Id.

5

of Plaintiff's RFC, in essence describing how a vocational expert might incorporate the limitation into the expert's evaluation of whether jobs exist in the national economy that are consistent with Plaintiff's functional limitations." Jamie E. v. Kijakazi, No. 22-CV-2393 (ECT/JFD), 2023 WL 5021807, at *2 (D. Minn. Aug. 7, 2023) (Tostrud, J.). Moreover, as the Commissioner points out, the Vocational Expert did not consider herself limited to any particular DOT rating. She testified that she "want[ed[] to clarify that the issues of interactions with supervisors [and ] coworkers . . . are not specifically addressed by the DOT or SCO, so for that information I rely on my education, training and experience as a vocational counselor." (Admin. R. at 99.) The ALJ appropriately determined Plaintiff's functional restrictions, described those restrictions to the Vocational Expert, and the Vocational Expert took those restrictions into account in formulating her opinion that there were jobs Plaintiff could perform. Plaintiff's challenge to the RFC fails.

**CONCLUSION**

Substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Judgment (Docket No. 9) is **DENIED**; and

2. Defendant's Motion for Judgment (Docket No. 11) is **GRANTED**; and

3. This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  3/8/2024   

*s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge